THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ONE 1979 PONTIAC GRAND PRIX AUTOMOBILE, Defendant.—(ALLISON BRIDEGROOM, Interpleader-Appellant.)

Third District    No. 80-519

Opinion filed July 31, 1981.

J. Scott Swaim, of Swaim and Swaim, of Kankakee, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Kankakee County declaring one 1979 Pontiac Grand Prix automobile to be contraband *per se* and therefore to be the property of the Kankakee City Police Department. On or about October 11, 1979, the interpleader-appellant, Allison Bridegroom, for $5,000 purchased a 1979 Pontiac Grand Prix automobile from Celeste Motors in Kankakee. At the time of purchase Bridegroom obtained from the dealer a bill of sale and title. The title contained a vehicle identification number (VIN) which matched the VIN on the car in the front window. In January 1980, the Kankakee Police Department confiscated the car as contraband *per se*, advised Bridegroom that the VIN on the car was a false VIN and that the confidential VIN had been mutilated so that it could not be determined. Therefore, under section 4—107(i) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 4—107(i)), the vehicle was no longer Bridegroom's, was to be disposed of and the proceeds were to go to city of Kankakee pursuant to section 4—211 (Ill. Rev. Stat. 1979, ch. 95½, par. 4—211)).

In May 1980, the state's attorney for the County of Kankakee filed a complaint for order to sell and made the vehicle the party defendant. No process or notice of any kind was given to Bridegroom. On June 24, Bridegroom interpleaded and filed a motion to strike. Following a hearing on the motion, the trial court found for the State, and an order was entered allowing the Illinois State Police to affix a new VIN on the motor vehicle so that it could be resold and allowing the city of Kankakee to sell the vehicle.

The interpleader raises two issues on appeal: (1) whether section 4—107(i) of the anti-theft laws is unconstitutional as applied in the instant

case as a violation of the interpleader's due process rights; and (2) whether petitioner, as a bona fide purchaser for value, had paramount rights of ownership as against the State, city and even the true owner. We reverse.

■■ ■ We believe section 4—107(i) is unconstitutional as applied in the instant case as a violation of Bridegroom's due process rights. For the statute to be a valid exercise of the State's police powers, the statute must be a reasonable method of accomplishing a certain objective. (*DeGrazio v. Civil Service Com.* (1964), 31 Ill. 2d 482, 202 N.E.2d 522.) The statute in question provides in relevant part that where a vehicle is found to have the manufacturer's VIN removed, altered, defaced or destroyed the police are to seize the vehicle, hold it for identification purposes, and if possible, return it to the prior rightful owner. However, if no identification is possible, then the vehicle is to be considered contraband *per se.* It is to be given a new VIN which is registered with the State, and then sold by the city in which the vehicle is located. The money received from the sale is deposited in the treasury of the city.

The objective sought by the legislature in enacting the statute is to put a damper on the stolen vehicle industry. The State argues that the statute will make car dealers and consumers more careful because if the VINs are false, the possessor of the car could lose it without receiving any recompense. This will then make it more difficult for auto thieves to sell the stolen cars.

While the objective sought is laudable, we do not believe that the statute serves to achieve that objective. It is reasonable for police to impound a car suspected of being stolen. Certainly an auto with its VIN defaced is likely to have been stolen. However, where the VIN has been destroyed and there is no way of determining to whom the car properly belongs, we see no advantage accruing to society by stripping an innocent owner of his property. Such an action will not deter thieves nor lead to their discovery. Once it has been determined that the buyer of the car is unaware that it was stolen, discovering the thieves will better be accomplished by questioning the vendor as to how he gained possession of the car. Simply stripping the innocent purchaser of his rights to the car without giving him notice or a hearing will not aid in uncovering the thieves.

We also believe that the statute's classification of any automobile without an identifiable VIN as contraband *per se* is unconstitutional. In the instant case, Bridegroom is completely innocent of any wrongdoing. He purchased the automobile and the VIN on the title matched the VIN in the window of the car. He not only was unaware that the VIN was wrong and the car was stolen, he had no means of discovering this information. Thus the statute results in Bridegroom's property being classified as contraband despite the fact that he has not been charged with

committing an offense, was in no way associated with the commission of an offense, and had no way of knowing that the car was stolen. The true owner of the auto is unascertainable and so no one else's rights are abridged. To strip Bridegroom of all his rights to the property by declaring the auto to be contraband *per se* where he is completely innocent of any wrongdoing, has no way of discovering any wrongdoing, and no one else's rights are interfered with, is a violation of his right to due process. The statute is therefore unconstitutional.

We are aware that statutes enacted by the legislature are presumed to be constitutional and that the party challenging the constitutionality of the statute bears the burden of proof. We believe that in the instant case, the interpleader has carried his burden.

Because we find that the statute is unconstitutional, we do not reach the interpleader's second issue. For the abovementioned reasons the judgment of the circuit court of Kankakee County is reversed.

Reversed.

ALLOY and HEIPLE, JJ., concur.