Robert J. QUINN, Jr. and Patricia J. Kampsen, individually and on behalf of all other similarly situated non-freeholder electors of St. Louis County, Missouri and of the City of St. Louis, Missouri, Appellees,

v.

The STATE OF MISSOURI, John D. Ashcroft, Governor of Missouri, Gene McNary, County Executive of St. Louis County, Missouri, Vincent C. Schoemehl, Jr., Mayor of the City of St. Louis, and Joseph S. Balcer, Robert L. Bannister, Sandra H. Bennett, Allen S. Boston, Claude Brown, William G. Cocos, Jr., Jo Curran, Thomas P. Dunne, C. Fran Emerson, Gretta Forrester, Albert H. Hamel, William J. Harrison, Wayne L. Millsap, Chairman, J.P. Morgan, Catherine Rea, Daniel Schlafly, Henry S. Stolar, Lucille Walton and Margaret Bush Wilson, Comprising the St. Louis City and County Board of Freeholders, Appellants.

No. 88-1433.

United States Court of Appeals, Eighth Circuit.

Aug. 3, 1989.

Order on Denial of Rehearing and Rehearing En Banc Nov. 21, 1989.

Order on Motion to Modify Jan. 8, 1990.

See also, 8th Cir., 881 F.2d 1082.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

### ORDER

The Court has carefully considered Appellees' motion for attorneys' fees. The federal court litigation initiated by Appellees resulted only in a decision by this Court reversing the District Court on the ground that it should have abstained pending resolution of the state court action. Ultimately, after the state court action reached the United States Supreme Court, we ordered the dismissal of the federal court action. Although Appellees have prevailed in the state court action, we cannot conclude that they have prevailed in the federal court action, or that the federal court action contributed in any way to Appellees' success in the state court action. Accordingly, Appellees' motion for attorneys' fees is denied, and their motion for remand of same to the District Court is denied as moot.

### ON MOTION FOR REHEARING

By order of this Court on August 3, 1989, appellees' motion for attorney fees in

this case was denied. Appellees have filed a timely petition for rehearing of that order with suggestion for rehearing en banc. The panel has carefully considered appellees' petition for rehearing on the fees issue. We conclude that our August 3, 1989, order should not be disturbed, and therefore the petition for rehearing is denied.

Appellees brought a federal class action under 42 U.S.C. § 1983 against the state of Missouri and various other defendants. The federal suit sought declaratory and injunctive relief in a federal constitutional challenge to article VI, section 30 of the Missouri Constitution. That section provides for the appointment of a "board of freeholders" with authority to prepare a plan, to be voted on by the citizens, for the reorganization and government of St. Louis city and county. Mo. Const. art. VI, § 30(a), (b). As non-property owners, plaintiffs alleged that the section violates their equal protection rights, since the common meaning of "freeholder" is "real property owner."

A parallel action in state circuit court was filed by the federal defendants just before the trial began in federal court. In spite of the pending state action and the unresolved question of state law (whether "freeholder" had its common meaning in this case), the District Court declined to abstain. The court reached the merits of the case, declaring section 30 unconstitutional. *Quinn v. Missouri,* 681 F.Supp. 1422 (W.D.Mo.1988). This Court issued an order reversing the judgment of the District Court, ruling that the lower court should have abstained.

Appellees then filed a counterclaim in the state circuit court action seeking a declaration that section 30 violated the equal protection clause of the United States Constitution. The state circuit court found no such violation. The Missouri Supreme Court affirmed the state circuit court without reaching the freeholder issue. *Millsap v. Quinn,* 757 S.W.2d 591 (Mo.1988) (en banc). The United States Supreme Court granted review.

After the case was briefed and argued in the Supreme Court, we filed an order re-manding the federal case to the District Court and directing that the action be dismissed. We explained that the basis for our earlier abstention ruling and reversal was *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). As the order noted, ordinarily the District Court in a *Pullman* abstention case would stay exercise of its jurisdiction pending the outcome in state court. In this case, however, since the federal constitutional question was litigated in state court, and the Supreme Court had agreed to decide the issue, its decision would be *res judicata.* Thus the appropriate course of action was to remand the case to the District Court directing it to dismiss the action.

On June 15, 1989, the Supreme Court reversed the judgment of the Missouri Supreme Court and declared section 30 unconstitutional. *Quinn v. Millsap,* —— U.S. ——, 109 S.Ct. 2324, 105 L.Ed.2d 74 (1989).

In a motion filed June 30, 1989, appellees asked this Court to remand the case to the District Court for an award of attorney fees under 42 U.S.C. § 1988. We denied the motion and appellees now petition for rehearing or rehearing en banc.

Appellees rely upon several cases from other circuits that, at first blush, are nearly on point with the instant case. The distinguishing feature, however, is the procedural posture of this case. The federal constitutional question was fully litigated in the state system, resulting in review and conclusive determination of that question by the United States Supreme Court, thus making the suit in federal court irrelevant. It is of no consequence that the District Court's decision paralleled that of the Supreme Court, since the District Court's decision was reversed (under the abstention doctrine) and therefore has no legal significance.

Appellees' petition first cites *Exeter–West Greenwich Regional School District v. Pontarelli,* 788 F.2d 47 (1st Cir.1986), as supporting authority for their position. In that case, plaintiffs were dissatisfied with a state administrative decision and brought an action in federal district court. The

district court moved to certify a question of state law to the state supreme court. After the state court responded, the district court dismissed the case as moot but awarded attorney fees for the litigation. The court of appeals, in affirming, stated specifically that it saw a need to award fees "in certification cases." *Pontarelli,* 788 F.2d at 51. The district court certified the question of state law *sua sponte;* the state proceeding was a part of the federal trial, not a separately filed lawsuit. The federal court suit actually settled the case, merely relying on the state court for assistance. In addition, the district court action in *Pontarelli* was dismissed for mootness and not because the federal constitutional question was *res judicata.*

In *Stathos v. Bowden,* 728 F.2d 15 (1st Cir.1984), also cited in appellees' petition, the court of appeals ordered an award of attorney fees to federal plaintiffs for their defense of the same issue in state court. In *Stathos,* as opposed to the present case, plaintiff prevailed in a federal court action that was subsequent to resolution of the state action.

The Seventh Circuit in *Lampher v. Zagel,* 755 F.2d 99 (7th Cir.1985), affirmed an award of attorney's fees for a state suit that was filed after the filing of a federal suit under 42 U.S.C. §§ 1983 and 1985. The district court abstained pending resolution of the issues in the state suit. The federal court plaintiffs were successful in state court and then returned to federal court seeking damages and fees. The district court denied damages but awarded attorney fees and concluded "that *regardless of the state court proceedings,* plaintiffs prevailed in their *federal* [section 1983] court action," the district court having made an "independent judgment" of constitutionality. *Lampher,* 755 F.2d at 101 (emphasis added).

Appellees also cite *Bartholomew v. Watson,* 665 F.2d 910 (9th Cir.1982), in support of their position. In that case, a district court proceeding was stayed by stipulation. Federal plaintiffs expressly reserved their right to proceed later in federal court and the parties stipulated that the state decision would not be *res judicata.* The federal plaintiffs were unsuccessful in state court but later prevailed on the merits in federal court. The district court awarded attorney fees for the litigation in state court and the court of appeals affirmed.

In *Stathos, Lampher,* and *Bartholomew,* the federal lawsuits never were dismissed and, in fact, were adjudicated favorably to federal plaintiffs *after* the state cases were completed. In the instant case, the District Court decision was reversed and the federal case was dismissed when resolution of the state case in the United States Supreme Court made, or was about to make, the issue *res judicata.* It comports neither with legal precedent nor with fairness to tax attorney fees to the federal court defendants for a federal court suit that should have been put on hold once the related state court suit was filed.

Appellees also cite *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). In *Carey,* which was a Title VII case, the Court permitted recovery of attorney fees for state administrative proceedings under a Title VII fee provision similar to section 1988. Although it is not clear from the face of the petition, appellees presumably believe *Carey* is analogous to the present case. Further research, however, would have uncovered *Webb v. County Board of Education,* 471 U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985). In response to a claim for fees for state administrative proceedings in a section 1983 case, the Court said

> *Carey,* however, arose under a statute that expressly requires the claimant to pursue available state remedies before commencing proceedings in a federal forum. There is no comparable requirement in § 1983, and therefore the reasoning in *Carey* is not applicable to this case.

*Webb,* 471 U.S. at 240, 105 S.Ct. at 1927 (footnote omitted); *see also Rose v. Nebraska,* 748 F.2d 1258 (8th Cir.1984) (where exhaustion of state remedies was not required, prevailing section 1983 party could not recover fees for state administrative proceedings under *Carey* ), *cert. denied sub nom.,* 474 U.S. 817, 106 S.Ct. 61, 88 L.Ed.2d 50 (1985). The present case bears no resemblance to a Title VII employment discrimination case. There never has been any issue of exhaustion of state remedies

in this litigation. We therefore see the reasoning of *Carey* as being inapposite to appellees' claim for attorney fees under section 1988.

The ultimate question is whether appellees should be considered "prevailing parties" in the federal court action, a prerequisite to eligibility for attorney fees under section 1988. *Hewitt v. Helms*, 482 U.S. 755, 759, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987). Although appellees were victorious in the state court litigation, they gained nothing from their federal court suit. It is of course true that "if the defendant, under pressure of the lawsuit, alters his conduct (or threatened conduct) towards the plaintiff that was the basis for the suit, the plaintiff will have prevailed." *Id.* at 761, 107 S.Ct. at 2676. Here, however, the board of freeholders was neither dissolved nor changed in composition because of the federal court suit. The only arguable result of the "pressure of the lawsuit" was that the defendants in the federal court suit filed their action in state court. As in *Hewitt*, a case where sovereign immunity mooted the federal lawsuit, "The only 'relief' [appellees] received was the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated." *Id.* at 762, 107 S.Ct. at 2676. The District Court's decision in the present case has no legal significance, since that decision was vacated by our decision on the abstention issue. The federal court suit eventually was dismissed and thus came to nothing.

We have no controlling precedents from our Court as this is a case of first impression in this circuit. Cases from other circuits are distinguishable from this case, and the Supreme Court cases to which appellees direct our attention are inapposite. We conclude that appellees are not "prevailing parties" in the federal court lawsuit and therefore are not entitled to an award of attorney fees under section 1988. Accordingly, the petition for rehearing is denied.

McMILLIAN, Circuit Judge, concurring.

I concur in the decision to deny appellees' petition for rehearing.

I agree that the procedural posture of the present case distinguishes it from the cases cited by appellees in their petition for rehearing. In the present case appellees began this litigation as federal plaintiffs.

On the day before the federal trial began, however, appellants launched, somewhat belatedly, a pre-emptive strike by filing a declaratory judgment action in state court, and appellees became state defendants. No doubt prompted by our reversal of the district court's decision refusing to abstain, appellees filed a "cross petition" in state court in which they asserted their federal claims. By doing this, appellees opted to "freely and without reservation" litigate their federal claims in state court and to forego their right to return to district court. *See England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 419, 84 S.Ct. 461, 467, 11 L.Ed.2d 440 (1964) (*England*). By comparison, in the cases cited by appellees, the federal plaintiffs did not "freely and without reservation" abandon their original choice of a federal forum and submit their entire case, including their federal claims, to the state courts. In these cases the federal plaintiffs reserved their federal claims for decision in federal court, returned to federal court following their *Pullman*-mandated diversions to state court, and then sought attorney's fees in federal court for the work performed in the related state court actions.

The present case is essentially the converse: appellees as the prevailing parties in state court seek attorney's fees for the work performed in the related federal court action. Appellees are in the wrong forum; they should file their motion for attorney's fees under § 1988 in the state court. *See Maine v. Thiboutot*, 448 U.S. 1, 11 & n. 12, 100 S.Ct. 2502, 2508 & n. 12, 65 L.Ed.2d 555 (1980) (award of attorney's fees per § 1988 is part of the § 1983 remedy whether the action is brought in federal or state courts); *Thompson v. Village of Hales Corners*, 115 Wis.2d 289, 340 N.W.2d 704, 715–16 n. 7 (1983); *Royer v. Adams*, 121 N.H. 1024, 437 A.2d 316, 318 (1981) (per curiam). Appellees would be entitled attorney's fees for the work performed in connection with the federal court proceedings as well as the proceedings in the state courts and before Supreme Court. Ordinarily, the *Pullman*-mandated state court action would have been an ancillary part of the federal court action. In the present case, however, the federal court action served only as the precursor of the state court action because appellees chose to litigate their federal claims in the state courts. *See England*, 375 U.S. at 419, 84 S.Ct. at 466. The

federal court proceedings thus became an ancillary part of the state court action and involved work that was "both useful and of a type ordinarily necessary" to the successful outcome of the state court litigation. *Webb v. County Board of Education,* 471 U.S. 234, 243, 105 S.Ct. 1923, 1928, 85 L.Ed.2d 233 (1985) (*Webb*). In fact, the parties submitted to the state trial court the transcript of the federal court proceedings and the district court's March 15 order.

Unlike my colleagues, I believe that *New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980) (*Carey*), is analogous to the present case. In *Carey* the Court held that a successful Title VII plaintiff was entitled to recover attorney's fees under § 706(k) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k), a fee provision similar to § 1988, for the state administrative proceedings that she was required to pursue before she could sue in federal court. *Id.* at 60–66, 100 S.Ct. at 2029–32. In *Webb* the Court held that a successful § 1983 plaintiff was not entitled to attorney's fees under § 1988 for state administrative proceedings that the plaintiff was not required to pursue before commencing the federal court action. 471 U.S. at 240–41, 105 S.Ct. at 1927. The Court explained that

> [t]he difference between *Carey* and this case is that in *Carey* the statute that authorized fees, Title VII (of the Civil Rights Act of 1964), also required a plaintiff to pursue available state administrative remedies. In contrast, nothing in § 1983 requires that a plaintiff exhaust his [or her] administrative remedies before bringing a § 1983 suit.

*Id.* at 241, 105 S.Ct. at 1927, *citing Smith v. Robinson,* 468 U.S. 992, 1011 n. 14, 104 S.Ct. 3457, 3468 n. 14, 82 L.Ed.2d 746 (1984) (citation omitted).

In my view, abstention is analogous to exhaustion because it forces federal plaintiffs to litigate in state court, usually as plaintiffs but occasionally as defendants. *See England,* 375 U.S. at 429, 84 S.Ct. at 472 (Douglas, J., concurring). The *Pullman* abstention doctrine required appellees to submit their state law questions to the state courts before they could return to federal court. Under these circumstances appellees had no choice but to litigate in state court. Justice Brennan, in his opinion concurring in part and dissenting in part in *Webb,* recognized the similarity between exhaustion and abstention for purposes of attorney's fees under § 1988: "Where a court [decides to abstain and] incorporates such [ancillary state] proceedings as part of the adjudicatory or remedial scheme, surely they function demonstrably 'to enforce a provision' of the civil rights laws within the meaning of § 1988." 471 U.S. at 248, 105 S.Ct. at 1931.

Finally, because I am confident that the state court will acknowledge that appellees, following their success in the Supreme Court, are the prevailing parties and will award them attorney's fees for the federal court proceedings, as well the state court and Supreme Court proceedings, I do not decide whether appellees are prevailing parties in federal court. One could argue, however, that appellees were in fact prevailing parties in the district court because they achieved at least part of the relief they sought. By obtaining the TRO and preliminary injunctive relief, they succeeded, albeit briefly, in preventing the board of freeholders from taking any final action or submitting a final proposal until the district court ruled on the merits. It may be that, at least for purposes of preserving appellees' claim for attorney's fees in federal court, our June 19 order should have dismissed only the appeal as moot and not the entire action. *See Crowell v. Mader,* 444 U.S. 505, 506, 100 S.Ct. 992, 992, 62 L.Ed.2d 701 (1980) (per curiam); *Williams v. Alioto,* 625 F.2d 845, 848 (9th Cir.1980) (per curiam), *cert. denied,* 450 U.S. 1012, 101 S.Ct. 1723, 68 L.Ed.2d 213 (1981).

## ON MOTION TO MODIFY

The St. Louis County Board of Freeholders (the Board) in its separate motion of December 7, 1989, has asked this Court to modify the language of our order of November 21, 1989, denying rehearing of our denial of appellees' motion for reimbursement of attorney fees for litigation of this case in the District Court and this Court. We deny the motion.

The Board contends that some of the language in our order is potentially prejudicial to its motion now pending before the Missouri Supreme Court, which motion seeks to establish the meaning of the term "freeholder" as used in the Missouri Constitution, Article VI, Section 30. We have

carefully reviewed our order and find nothing therein that could be construed as bearing on the meaning of "freeholder" in this or any other provision of the Missouri Constitution or on the ability of the Missouri Supreme Court to reach that issue given the procedural posture of the case. We emphasize that nothing in our order of November 21, 1989, is intended to have any effect upon the Missouri Supreme Court's consideration of the motion now before it.

Motion denied.