**Gilbert K. BOESE, Plaintiff,**

v.

**MILWAUKEE COUNTY, et al., Defendants.**

**No. 90–C–1241.**

United States District Court, E.D. Wisconsin.

Aug. 25, 1992.

222

Robert L. Elliott, Cook & Franke, Milwaukee, Wis., for plaintiff.

Scott W. Hansen, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

WARREN, Senior District Judge.

Before the Court is the plaintiff's motion for prevailing party attorneys' fees and the defendant's motions for dismissal and for Rule 11 sanctions.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Dr. Gilbert Boese ("Boese"), was the director of Milwaukee's Zoological Gardens from 1980 to 1989. In April 1988, the Milwaukee County Ethics Board ("the Board") began investigating whether Boese had violated the Milwaukee County Code of Ethics. On November 2, 1988, the Board concluded that there was probable cause to support a violation on Boese's part and brought formal charges against him. Amended Complaint at ¶ 13. The charges were based upon Boese's acceptance of various honoraria from private organizations and his misuse of Zoo funds. Although Boese was entitled to a hearing

on the charges, he chose instead to plead no contest and entered into a stipulation and plea with the Board on February 11, 1989. *Id.* at ¶ 18. The Board is a department of Milwaukee County.

Less than a year after he entered his plea, Boese claimed that the County had exculpatory evidence in its possession throughout the entire course of its investigation. He contended that had this evidence been disclosed and presented to him, he never would have entered into the stipulation and plea.[1] After learning about the existence of this evidence, Boese filed a petition to vacate the findings of fact and conclusions of law and to withdraw his plea. On October 11, 1990, after a hearing, Boese's petition was denied. He has charged the Board with having decided to deny his petition prior to the hearing. Amended Complaint at ¶ 21. He also filed a Complaint for Certiorari in Wisconsin's Circuit Court, in which he sought to reverse the decision of the Board denying his motion to vacate its findings, and to withdraw his plea to the findings. Plaintiff's Ex. O.

Boese filed his action in this Court on December 28, 1990; the complaint was amended on February 28, 1991. The named defendants were Milwaukee County, the Board, and the individual members of the Board. Count One sought relief for his alleged deprivation of constitutional rights under 42 U.S.C. § 1983. Count Two alleged that the defendants conspired to wilfully or maliciously injure Boese's professional reputation, in violation of § 134.01 Wis.Stats. Count Three alleged a due process violation based upon the Board's failure to allow him to have his petition decided in an open meeting. Finally, Count Four alleged abuse of process, since the Board and County had ulterior motives for

---

1. The "exculpatory evidence" that Boese claims was unlawfully withheld from him throughout the pendency of the ethics investigation, consists of a letter written to him on January 29, 1980 by Robert Mikula, the Director of Parks, Recreation and Culture. Apparently, this letter was meant to be construed as part of Boese's employment contract. Under the heading "Fringe Benefits," Mikula wrote:

The 1980 departmental budget includes expenses involved with attendance by the Zoo Director at the AAZPA annual conference. In the past, and I have been assured this will be a continuing procedure, the Zoo Society has provided expenses for the Zoo Director for attendance at other Zoo related functions.

undertaking the investigation. Boese demanded relief in the form of compensatory and punitive damages, and attorneys' fees, costs and disbursements.

After several months of discovery and month-long stay of proceedings, Boese agreed to dismiss his claims against all of the defendants except for Milwaukee County, and the Court entered an order for partial dismissal on March 27, 1992. The order states that the action against the aforementioned defendants may be dismissed on its merits and without costs, and then provides that "[p]laintiff reserves all remaining claims he may have against Milwaukee County." The stipulation is signed by Boese's counsel and by the attorney representing the individual defendants and the Board. This stipulation had the effect of dismissing all of the plaintiff's claims in the federal action except for those brought against the County under 42 U.S.C. § 1983.

In the meantime, Boese had appeared before the Board on February 17, 1992 and recounted his personal and professional hardships which stemmed from the investigation. The Board agreed to grant Boese prospective relief from its prior judgment and adopted a motion to that effect. The Statement of the Ethics Board for the Record provides:

> Under no circumstances was an agreement reached, no deal struck with Mr. Boese. His lawsuits continue to remain subject to Mr. Boese's direction. Under no circumstances would the Ethics Board recommend a settlement by the Ethics Board or Milwaukee County of those claims.
>
> The Ethics Board deliberated at length on this matter and saw its action as a way to relieve the taxpayers from the burden of further legal expenses.

Plaintiff's Motion for Attorneys' Fees, Ex. R.

Once Boese was granted prospective relief and had dismissed the Board and its members from this action, he brought a motion under 42 U.S.C. § 1988 for attorneys' fees as a prevailing party. The Board, its members, and Milwaukee County, who are all represented by the same attorneys, filed a motion for Rule 11 sanctions along with their response in opposition to the plaintiff's motion. The defendants had also filed a motion to dismiss prior to both the stay in proceedings and the dismissal of the Board and its members from this action. These three motions are now ripe for judicial determination.

## II. LEGAL FRAMEWORK

### A. MOTION TO DISMISS

In evaluating the motion at bar, the Court will not dismiss the complaint unless it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Murphy v. Lane,* 833 F.2d 106, 107 (7th Cir.1987). The Court accepts all well-pleaded factual allegations in the Complaint as true. *Doe v. St. Joseph's Hospital of Fort Wayne,* 788 F.2d 411, 414 (7th Cir.1986). Also, the Court views the allegations in the complaint in a light most favorable to the non-moving party. *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1104 (7th Cir.1984); *Wolfolk v. Rivera,* 729 F.2d 1114, 1116 (7th Cir.1984).

### B. PREVAILING PARTY ATTORNEYS' FEES

In an action brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. "Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Hewitt v. Helms,* 482 U.S. 755, 760, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987). "[A]t a minimum, to be considered a prevailing party within the meaning of § 1988, the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Texas Teachers Ass'n v. Garland School District,* 489 U.S. 782, 792, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989).

A judicial decree is not necessary for a plaintiff to "prevail." If the plaintiff

enters into a settlement agreement with the defendant and receives some or all of the relief sought in his action, he has "prevailed" for the purposes of 42 U.S.C. § 1988, even though there is no formal judgment. *Id.* 482 U.S. at 760–61, 107 S.Ct. at 2675–76. Similarly, if the plaintiff's lawsuit acts as a catalyst in prompting the defendant to change his objectionable practices, the plaintiff will be deemed to have prevailed. *Dawson v. Patrick*, 600 F.2d 70, 79 (7th Cir.1979). Some type of *quid pro quo* is necessary for the plaintiff to prevail; if the defendant gratuitously provides the plaintiff a benefit without being required to do so by law or settlement agreement, the plaintiff cannot be said to have prevailed. *Palmer v. City of Chicago*, 806 F.2d 1316, 1322 (7th Cir.1986).

In *Harrington v. DeVito*, 656 F.2d 264 (7th Cir.1981), the Seventh Circuit set forth a two-part test in order to determine whether the plaintiff is a prevailing party under 42 U.S.C. § 1988 when a case has been settled. First, "the plaintiff's lawsuit must be causally linked to the achievement of the relief obtained." Second, "the defendant must not have acted wholly gratuitously, *i.e.*, the plaintiffs' claims, if pressed, cannot have been frivolous, unreasonable, or groundless." *Id.* at 266–67. If a plaintiff can meet the requirements of both prongs, he will be deemed a prevailing party, even in the absence of a judicial determination, and may be awarded attorneys' fees.

## C. RULE 11 SANCTIONS

When an attorney files a motion in court, Federal Rule of Civil Procedure 11 imposes upon him the duty to ensure "that to the best of [his] knowledge, information and belief formed after reasonable inquiry [the motion] is well-grounded in fact and is warranted by existing law." The attorney's signature on the pleadings certifies that he has made an adequate inquiry into the merits of his client's case and has determined that there is a good faith basis for relief. If a court finds that an attorney has filed a claim in violation of Rule 11, it may impose monetary sanctions upon the attorney and/or his client. Opposing parties' legal fees have been held to be appropriate sanctions under Rule 11.

Although a sanctioned attorney may be required to pay his adversary's legal fees, Rule 11 was not intended to be used as a fee-shifting device. *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3rd Cir. 1987). Rather, "the central purpose of Rule 11 is to deter baseless filings in District Court and … streamline the administration and procedure of federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). In deciding whether to impose sanctions, the district court must make an objective determination as to whether the party's conduct was reasonable under the circumstances. *Brown v. Federation of State Medical Boards of the United States*, 830 F.2d 1429, 1435 (7th Cir.1987).

There are two grounds for sanctions under Rule 11—the "frivolousness" clause and the "improper purpose" clause. The "frivolousness" clause requires the filing attorney to conduct a reasonable inquiry into the facts of the case and the law applicable to the case. *Flip Side Productions, Inc. v. JAM Productions, Ltd.*, 843 F.2d 1024, 1036 (7th Cir.1988). Under the "improper purpose" clause, an attorney is forbidden from filing any document, pleading or motion "for purposes of delay, harassment, or increasing the costs of litigation." *Brown*, 830 F.2d at 1436. "Due to the impact sanctions may have on a party or an attorney's career and personal well-being, sanctions should not be lightly imposed." *Id.* at 1437.

## III. DISCUSSION

### A. MOTION TO DISMISS

Since Boese voluntarily dismissed all but one of the defendants named in his amended complaint, most of the defendants' motion to dismiss is moot. The remaining issues are whether Boese has stated a claim under 42 U.S.C. § 1983 against Milwaukee County and whether he is entitled to punitive damages. Even though there has been extensive discovery in this matter,

the Court shall confine itself to the facts presented in the briefs, pleadings, and memoranda. *United States General, Inc. v. Schroeder,* 400 F.Supp. 713, 715 (E.D.Wis.1975); *see also* Fed.R.Civ.P. 12(b).

■ Notwithstanding this liberal standard, the Court finds that Boese has failed to state an actionable claim against Milwaukee County. Damage to one's reputation implicates the Due Process Clause of the Fourteenth Amendment only when accompanied by termination of public employment. *Paul v. Davis,* 424 U.S. 693, 708–09, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976). "[I]njury to reputation by itself [is] not a 'liberty' interest protected under the Fourteenth Amendment;" instead, it is defamation, which is not a constitutional deprivation and is actionable as a tort under state laws. *Siegert v. Gilley,* 500 U.S. ——, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991), citing *Paul v. Davis,* 424 U.S. at 708–709, 96 S.Ct. at 1164.

■ Boese has alleged that he "has been publicly injured in his professional reputation and his reputation in the Milwaukee community, and has suffered mental and emotional distress." However, nowhere in the amended complaint is there mention of the fact that he resigned his position as a result of the investigation. Similarly, there are no facts in the complaint which would support a claim of constructive discharge.[2] Because Boese has not made sufficient allegations of a deprivation of his liberty interest, his right to due process is not even implicated. It is not necessary for the Court to determine whether Boese's hearing would have comported with the Due Process clause of the Fourteenth Amendment, assuming that the defendants had withheld exculpatory evidence.[3]

■ When a court dismisses a claim pursuant to Rule 12(b)(6), it has the discretion to allow the plaintiff leave to amend. Although leave to amend a complaint should be "freely given when justice so requires," Fed.R.Civ.P. 15(a), in this case, the Court shall not grant such leave, since it finds that any amendment would be futile and would result in prejudice to the defendant. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The alleged exculpatory evidence, which plays a pivotal role in sustaining the due process portion of the plaintiff's complaint, is marginally exculpatory at best. Boese pleaded no contest to all of the charges focusing on his connections with the Zoological Society, a private organization, while he was Zoo Director of Milwaukee County. For example, it is difficult to imagine how the Mikula letter, which informed Boese that the Zoological Society would pay his expenses at Zoo-related functions, would exculpate Boese for his failure to file required statements and his use of County employees for activities associated with the Zoological Society. In addition, Boese admitted to a newspaper reporter that he had done the acts for which he had been investigated.

Similarly, after months of discovery, there is nothing in the record, absent the plaintiff's allegations, which suggests that the Board and its members wilfully concealed this letter to force Boese to plead no contest to the charges; in fact, there is evidence that no one on the Board knew about the letter and that it was not in the Board's possession throughout the length of the investigation. Discovery has revealed that Boese's suit rests upon a shaky factual and legal foundation, and the Court shall not force the defendant to expend further resources in contesting a second

---

**2.** While constructive discharge is equivalent to termination for the purposes of a § 1983 action alleging denial of due process, the plaintiff must plead two elements: 1) "that the defendants acted deliberately to create an intolerable work environment," and that their actions were intended to force the employee to quit, *Sims v. City of New London,* 738 F.Supp. 638, 647 (D.Conn.1990); and 2) that the working conditions were "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Pena v.*

*Brattleboro Retreat,* 702 F.2d 322, 325 (2nd Cir. 1983) (citation omitted).

**3.** Perhaps most significant is the fact that Boese never claimed that the allegations in the Stipulation and Plea are false. When a civil rights claim does not allege a cause of action for defamation, there can be no constitutional violation. *Clark v. Maurer,* 824 F.2d 565 (7th Cir. 1987).

amended complaint. Therefore, in the interests of justice and economy, the plaintiff's complaint shall be dismissed with prejudice.[4]

### B. PREVAILING PARTY ATTORNEYS' FEES AND RULE 11 SANCTIONS

 Was Boese a prevailing party? If he was, an award of attorneys' fees would be appropriate. However, Boese bears the burden of proving that he indeed prevailed on a significant portion of his claim, and the Court finds that he has failed to sustain this burden.

Boese originally asked for compensatory and punitive damages in his complaint. Apparently, when settlement discussions concerning monetary damages proved to be futile, Boese conceded that he would be willing to settle this action if the Board vacated its findings of fact and conclusions of law to which he pleaded no contest. The Board eventually granted Boese prospective relief on February 17, 1992, but did not vacate its previous findings and conclusions or allow Boese to withdraw his plea. Boese was granted prospective relief in the hope that local newspapers would cease linking his name with the investigation, as they had been doing for the past three years.

The evidence submitted by both parties tends to show that Boese's lawsuit against the Board was not a catalyst for the Board's action. Boese's attorney wrote to the Board's attorney, stating that Boese had suffered substantial personal and professional hardships from the Board's findings, and asked whether there was a possibility of securing some type of prospective relief. Defendant's Ex. 12. Boese appeared before the Board and discussed his difficulties with its members and was able to secure prospective relief.[5] The Board's Statement for the Record sets forth the rationale behind its decision, stating that taxpayers would be relieved of the burden of paying for litigation and that the Board had already succeeded in illustrating the serious consequences of violating the Ethics Code. It specifically states that its actions were not part of a settlement and that Boese's lawsuits were still pending against the Board and the County. Plaintiff's Ex. R.

While both parties stipulated to the prospective relief and the dismissal of the Board as defendant in the same Stipulation and Order for Dismissal, there is no evidence that one was contingent upon another. In any case, the Stipulation discussing the vacated findings was filed and signed in Boese's state court proceeding; the Stipulation and Order for Partial Dismissal which was filed in this Court did not mention the relief that the Board had recently afforded Boese.

The cases cited by Boese in support of the proposition that § 1988 attorneys' fees may be awarded in state court actions are not applicable to his situation. In *Lampher v. Zagel*, 755 F.2d 99 (7th Cir.1985), the court awarded the plaintiff attorneys' fees in a state court action filed by the defendant where the plaintiff's federal civil rights suit had been stayed pending the outcome of the state court action. Both the state and federal court actions centered around the plaintiff's constitutional rights, and both actions sought a declaratory judgment as to the unconstitutionality of a state statute. In *Gekas v. Attorney Registration and Disciplinary Commission*, 793 F.2d 846 (7th Cir.1986), the plaintiff prevailed in his efforts to have a state disciplinary rule declared unconstitutional.

---

**4.** Even though the Court only considered the pleadings when evaluating the defendant's motion to dismiss, other evidence was submitted by both parties which would have made it possible for the Court to treat the defendant's motion like one for summary judgment. The Court declined to do so, but bases its decision to dismiss with prejudice on the contents of these documents. There is no evidence of any due process violations, and the plaintiff's allegations of the defendant's conspiracies are far-fetched.

**5.** A stipulation signed by both parties on March 24, 1992 provides, "The Findings of Fact and Conclusions of Law issued by the Milwaukee County Board of Ethics dated April 12, 1989, as against Dr. Gilbert K. Boese, are of no future legal effect from and after February 17, 1992." Defendant's Ex. 16.

In both cases, the plaintiffs received attorneys' fees because they had obtained the relief sought in their state *and* federal lawsuits. Neither case supports the conclusion that "relief obtained against an indivisible agency of a party required to be brought in a state court proceeding may be the basis for an award of § 1988 prevailing party fees in a federal court action against the party itself," as the plaintiff suggests in his reply brief.

Plaintiff's statements that he has received most of the relief that he originally sought are misleading. He originally sought monetary damages from the defendants in this Court. While attempting to settle this case, his settlement demands apparently decreased in dollar terms over time. Assuming *arguendo* that the Board settled this case with him on the condition that it be dismissed from his federal lawsuit, the relief afforded him is not significant when one looks at his starting position. He was subject to the findings of the Board for nearly three years, and the findings were deemed to have no future effect only when the Board concluded that they had served their purpose and were becoming a drain on the taxpayers.

In addition, Boese's arguments in support of attorneys' fees work against him. In his reply brief, he states that the declaratory relief he sought could only have been granted by the Board, since the County could not be named in the state court action. Yet in the previous paragraph, he asserts that he is seeking fees against the County, not the Board. The only lawsuit in which the County is named as a defendant is this one, and prior to today, neither party could be deemed "prevailing," since the action was still pending.

Under *Harrington*'s two-prong test, it appears that Boese's relief cannot be said to be causally linked to the suit he filed, since he did not achieve the relief he originally requested, and only was able to receive prospective relief after both parties' counsel appealed to the Board's sense of

compassion. It is probable that this type of relief would have been granted to him even if he had not filed the present action in this Court.

Insofar as the second prong is concerned, there is certainly evidence in the record that the Board's action was gratuitous. While a reasonable factfinder could infer that the subsequent dismissal of the Board and its members as defendants was a direct result of the Board's motion granting Boese prospective relief, the factfinder could reach the opposite conclusion just as easily. The defendants have submitted evidence supporting a conclusion that the action was gratuitous. In any case, the Court need not make a finding on this prong; since the first prong was not satisfied, Boese is precluded from an award of attorneys' fees.[6]

 Even though the Court has determined that Boese was not the prevailing party and is therefore not entitled to attorneys' fees, it cannot find that Boese's counsel violated Rule 11. There is insufficient evidence in the record of any attempt to delay, harass, or increase the costs of litigation. Similarly, although the Court did not agree with Boese on his status as a "prevailing party," it cannot say that the counsel's position was frivolous. Therefore, the defendant's motion for Rule 11 sanctions is denied.

### IV. CONCLUSION

For the reasons set forth herein, the defendant's motion to dismiss is GRANTED, the plaintiff's motion for prevailing party attorneys' fees is DENIED, and the defendant's motion for Rule 11 sanctions is DENIED. The plaintiff's amended complaint is hereby DISMISSED WITH PREJUDICE.

SO ORDERED.

6. Boese suggests that the Statement for the Record is a self-serving declaration made by the Board for public consumption. However, he has not provided an affidavit or testimony which directly contradicts the veracity of the statement, which is consistent with the letter written by Boese's attorney to the Board's counsel in January of 1992.