**James T. DURHAN, Plaintiff–Appellant,**

**v.**

**Robert NEOPOLITAN, et al.,
Defendants–Appellees.**

**No. 88–2108.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 9, 1989.
Decided April 20, 1989.

Lonny B. Ogus, Chicago, Ill., for plaintiff-appellant.

Madeleine S. Murphy, Office of the State's Atty. of Cook County, Chicago, Ill., for defendants-appellees.

Before CUMMINGS and KANNE, Circuit Judges, and GRANT, Senior

District Judge.*

CUMMINGS, Circuit Judge.

This appeal involves the confiscation of two vehicles belonging to the plaintiff, James T. Durhan, and his proprietorship, J & B Towing, Inc., by defendants acting as agents of the Sheriff of Cook County. The district court granted defendants' motion for summary judgment on the grounds of claim preclusion and qualified immunity of the defendants. We affirm on more limited grounds.

## I.

Plaintiff's two vehicles, a 1973 GMC tow truck and a 1977 Chevrolet flat-bed, slide-back car hauler, were seized on May 18, 1981, pursuant to Ill.Rev.Stat. ch. 95½ ¶ 4-107(i) (1976)[1] in furtherance of an investigation into the ownership of the vehicles. The investigation culminated in criminal proceedings in which plaintiff was never named as a defendant.[2] Although the criminal suit was eventually dismissed for want of probable cause on June 12, 1981, the vehicles were retained as contraband by defendants pursuant to the same statute. Consequently, plaintiff commenced a suit in the Circuit Court of Cook County on July 8, 1981, naming as defendants Richard J. Daley, Cook County State's Attorney, and Richard J. Elrod, Sheriff of Cook County, seeking return of the vehicles, attorneys' fees and waiver of all storage and other fees assessed by Cook County.[3] Sometime in September of 1981[4] the GMC tow truck was released to plaintiff by an agreed order[5] (Pl.Br. at 5). On April 7, 1982, the Chevy flat-bed car hauler was released to plaintiff and the action dismissed pursuant to either an agreed order or a court order.[6] On July 10, 1985,

---

* The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

1. This statute provides for the seizure of an automobile possessing a manufacturer's identification number which has been removed, altered, defaced or destroyed. If the original manufacturer's identification number cannot be identified, the vehicle is treated as contraband divesting any person owning, leasing or possessing the vehicle of any property rights therein. Less than three months later, July 31, 1981, the statute was held unconstitutional as applied to bona fide purchasers by the Illinois Appellate Court for the Third District in *People v. One 1979 Pontiac Grand Prix Auto*, 98 Ill.App.3d 841, 54 Ill.Dec. 223, 424 N.E.2d 973 (1981), and later affirmed by the Illinois Supreme Court, 89 Ill.2d 506, 60 Ill.Dec. 934, 433 N.E.2d 1301 (1982).

2. *People v. Kuhnke*, No. 81-5-3068 (Circuit Court of Cook County, Municipal Department, Fifth District). Plaintiff purchased the two vehicles in question from the defendant Kuhnke.

3. *J & B Towing, Inc. v. Daley and Elrod*, 81 L 15900.

4. Neither party has provided this Court with the exact date in their briefs and such date cannot be determined from the copy of the order contained in the record on appeal.

5. The September 1981 agreed order provided in part:

    . . .
    IT IS HEREBY ORDERED that a certain 1973 GMC tow truck bearing vehicle identification #TCQ143-J505915 on the cab of said truck and vehicle identification #CCZ345J114370 on the frame of said truck, be released by the Sheriff of Cook County instanter and placed in the custody of Plaintiff.
    IT IS FURTHER ORDERED that no storage charges whatsoever be assessed as against Plaintiff for the custody of the subject motor vehicle for the period of time from the date of its seizure until the date hereof.
    IT IS FURTHER ORDERED that the entry of this order shall in no way prejudice the rights of any party hereto to proceed with respect to the litigation concerning the remaining motor vehicle which is the subject of this cause of action. . . .
    JUDGE JAMES C. MURRAY

6. The parties disagree as to whether the following April 7, 1982, order was issued as an "agreed" order or "court" order, which provided in part:

    . . .
    This cause coming on to be heard upon motion of plaintiff for entry of an order of default for failure to answer or otherwise plead respective counsel for all parties concerned being present in open court and the court being fully advised in the premises.
    It Is Hereby Ordered that the Sheriff of Cook County thru (sic) his agents and officers release forthwith to J & B Towing, Inc. an Illinois corporation thru (sic) its employee and President, James Durhan a certain 1977 Chevrolet flatbed truck bearing vehicle identification number CCT237J145670 bearing J & B Towing logo on its exterior presently in his physical custody without costs or storage charges.

plaintiff filed this federal action concerning seizure of the same vehicles, alleging that defendants, Robert Neopolitan, Louis Sala (both agents of the Cook County Sheriff's office), Daley and Elrod, deprived plaintiff of his property without due process of law in violation of 42 U.S.C. § 1983. Defendants moved for summary judgment on the grounds of res judicata on February 20, 1987. Plaintiff subsequently moved for summary judgment on the issue of defendants' affirmative defense.

The case was originally assigned to District Judge Norgle but was reassigned to District Judge Zagel's calendar on June 17, 1987. Following the reassignment, plaintiff filed a motion for Judge Zagel's recusal based upon his involvement in *Lampher v. Zagel*, 755 F.2d 99 (7th Cir.1985). *Lampher* involved a similar challenge under 42 U.S.C. § 1983 and § 1985 to ¶ 4–107(i) pursuant to which the plaintiff's vehicles had been seized. Judge Zagel was named as a defendant both individually and in his then official capacity as Director of the Illinois Department of Law Enforcement. Plaintiff's motion for recusal was denied by Judge Zagel on December 30, 1987.

Judge Zagel granted defendants' motion for summary judgment in an oral opinion issued in open court on May 23, 1988. In that opinion, he rejected defendants' patently erroneous argument that they were not bound by the Third District Appellate Court decision which held ¶ 4–107(i) unconstitutional (see note 1 *supra*) and so were justified in retaining plaintiff's vehicles as contraband. Nonetheless, Judge Zagel found that the defendants had not acted in knowing disregard of plaintiff's established constitutional rights "when a state trial judge [James C. Murray] apparently shared their belief that they had some legal basis to refuse to return plaintiffs' property." (Pl.App. at viii.) Accordingly, Judge Zagel determined that defendants were entitled to qualified immunity for their actions under *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Relying

on *Frier v. City of Vandalia, Ill.*, 770 F.2d 699 (7th Cir.1985), the court further held that plaintiff's civil rights suit was barred by the previous Circuit Court of Cook County adjudication since the facts necessary to sustain each cause of action were essentially identical so that the plaintiff could have easily joined a claim for damages in the state court action.

Plaintiff raises several issues on appeal. Initially, plaintiff contends that the district judge erred in both his determination that defendants were not acting in disregard of plaintiff's established constitutional rights and characterizing the statements of the state trial judge as evidence that defendants had a right to delay return of plaintiff's vehicles. Plaintiff also asserts that defendants have admitted they cannot prove their affirmative defense that the vehicles were retained pursuant to ¶ 4–107(i) and further that defendants were not relying on this authority when they confiscated plaintiff's vehicles. Plaintiff challenges the district court's alternative conclusion that this suit is barred by the previous state trial court proceedings, contending that his state action was voluntarily withdrawn and did not result in any final judgment. Plaintiff additionally argues that it was improper for Judge Zagel to deny plaintiff's motion for his recusal from the case. Because we hold that this suit is precluded under the doctrine of res judicata, it is unnecessary to determine whether defendants are entitled to qualified immunity for their actions in seizing plaintiff's vehicles. Finally, this appeal does not give us jurisdiction to review Judge Zagel's retention of plaintiff's suit.

## II.

### A. RES JUDICATA

In general, the doctrine of res judicata serves the interest of judicial economy and finality in disposition of disputes by precluding parties to a judgment and their privies [7] from relitigating the same "cause

---

It Is Further Ordered that this cause of action be dismissed.

. . .

JUDGE JAMES C. MURRAY

7. Although the plaintiff named only Daley and Elrod as defendants in the state action, the

of action." As required by 28 U.S.C. § 1738, this Court must apply the res judicata law of Illinois in order to determine under what circumstances a judgment rendered by an Illinois court would preclude the same parties from litigating a subsequent action in another Illinois court. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). In *Hagee v. City of Evanston*, 729 F.2d 510 (7th Cir.1984), this Court reviewed the doctrine of res judicata as pronounced by Illinois courts. The Court discerned two stands of res judicata doctrine: (1) the "proof" or "evidence" inquiry and (2) the "transactional" approach. Federal courts have increasingly adopted the transactional approach (Restatement (Second) of Judgments § 24 (1980)), while the trend in Illinois is less clear.

Under the proof inquiry, the second action will be barred where "there is identity of facts essential to the maintenance of both cases or ... the same evidence would sustain both actions." *Palya v. Palya*, 87 Ill.App.3d 472, 475, 42 Ill.Dec. 638, 641, 409 N.E.2d 133, 136 (3d Dist.1980). In contrast, the transactional approach examines whether the two suits were generated by the same transaction, incident or core of operative facts. *Baird & Warner, Inc. v. Addison Industrial Park, Inc.*, 70 Ill. App.3d 59, 64–65, 26 Ill.Dec. 1, 8, 387 N.E. 2d 831, 838 (1st Dist.1979); see also *Hagee*, 729 F.2d at 513 n. 6, and cases cited therein. Under most factual settings, the transactional approach will result in broader preclusive effect since several theories of recovery may emanate from the same transaction without complete identity of the evidence necessary to sustain each theory. *Frier*, 770 F.2d at 702.

Neither of the parties attempts to resolve which approach should be used in this case but center instead on whether the state court rendered an adjudication on the merits. Plaintiff contends that the state court action was voluntarily withdrawn by both parties which does not prejudice plain-

tiff's right to bring a subsequent suit alleging the same cause of action. Defendants, however, argue that Judge Murray rendered a final adjudication on the merits of the dispute such that the orders returning the vehicles to the plaintiff and dismissing the action with respect to both cars preclude this subsequent action.

■ In order for the doctrine of res judicata to apply, there must have been a final prior adjudication on the merits. "In Illinois, a judgment on the merits is one that determines the respective rights and liabilities of the parties based on the ultimate facts on which the right of recovery depends as disclosed by the pleadings or evidence." *Torres v. Rebarchak*, 814 F.2d 1219, 1223 (7th Cir.1987). A subsequent suit is precluded even if the prior action was dismissed pursuant to a voluntary settlement or agreed order between the parties. *Barth v. Reagan*, 146 Ill.App.3d 1058, 1067, 100 Ill.Dec. 541, 547, 497 N.E. 2d 519, 525 (2d Dist.1986). Therefore this suit may be precluded regardless of whether the order dismissing the state action was entered by agreed or normal court order.

■ Plaintiff further contends that the parties agreed to withdraw the issue of defendants' liability from the state court action, so that there was no prior adjudication of that issue before the district court. While it is true that when the parties withdraw a particular issue from consideration, collateral estoppel will not bar relitigation of that issue, *Case Prestressing Corp. v. Chicago College of Osteopathic Medicine*, 118 Ill.App.3d 782, 786, 74 Ill.Dec. 382, 386, 455 N.E.2d 811, 815 (1st Dist.1983), that proposition does not apply where, as here, the state trial judge issued an order disposing of each issue raised by the plaintiff. The case was not simply withdrawn—leaving plaintiff to find remedy elsewhere—but judgment was entered addressing the relief sought by the plaintiff. He sought the following relief in the complaint filed in state court:

additional defendants named in this suit are in privity with Daley and Elrod. *Mandarino v. Pollard*, 718 F.2d 845, 850 (7th Cir.1983), certiorari denied, 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.

2d 59 (1984); *Consolidated Distilled Prods. v. Allphin, Inc.*, 73 Ill.2d 19, 21 Ill.Dec. 853, 382 N.E.2d 217 (1978); *City of Elmhurst v. Kegerreis*, 392 Ill. 195, 64 N.E.2d 450 (1946).

A. That the subject motor trucks be released into the custody and possession of Plaintiff instanter.

B. That any and all storage fees assessed or to be assessed by the County of Cook be waived.

C. That Plaintiff be reimbursed by the county of Cook for any and all attorneys' fees and costs it has expended.

D. For such other and further relief as to this court shall seem equitable and just.

(R. Item 49, Exhibit B). In the orders issued by the state court, Judge Murray granted plaintiff's request for return of the vehicles, barred Cook County from charging any storage fees and dismissed the action. With the exception of plaintiff's request for attorneys' fees, Judge Murray dispositively addressed plaintiff's claims. The parties did not specifically reserve any issue for later adjudication. The order entered was a final adjudication of the plaintiff's replevin action.

Given that the state court rendered a final adjudication of the plaintiff's complaint, that pleading must be examined to determine whether the same cause of action is involved here. We conclude that under either the proof or transaction approach, this civil rights suit presents the same cause of action.

### 1. Proof Theory of Res Judicata

As discussed earlier, under the proof approach, the court must examine the evidence or proof necessary to establish each cause of action. If the elements of proof are identical, the state court action precludes this suit. *Village of Northbrook v. County of Cook*, 88 Ill.App.3d 745, 750, 43 Ill.Dec. 792, 796, 410 N.E.2d 925, 929 (1st Dist.1980). In the state court, plaintiff sought replevin of his vehicles and waiver of any storage fees which would have been assessed by the defendants. A replevin action establishes the rights of ownership to a specific piece of property, requiring the plaintiff to demonstrate that the property was seized without lawful process. Ill.Rev.Stat. ch. 110, ¶ 19–104 (1976). If the state court had determined that plaintiff's property was properly seized as contraband pursuant to Illinois law and that rights of ownership rested in another party, the plaintiff would be divested of his property interest in the vehicles and their return denied. Within the state action, plaintiff could challenge the constitutional validity of the statute purportedly authorizing defendants' actions as an additional theory for demonstrating that the seizure of plaintiff's property was unlawful. If the vehicles were seized in violation of state or federal law, plaintiff would be entitled to return of the vehicles and could join a prayer for appropriate relief for deprivation of his property rights without due process of law.

Similarly in a Section 1983 suit, plaintiff must establish that defendants deprived plaintiff of his property without due process of law. *Sutton v. City of Milwaukee*, 672 F.2d 644, 645 (7th Cir.1982). If defendants either did not act pursuant to and in conformity with state law in seizing the vehicles, acted pursuant to state law which was constitutionally infirm, or otherwise failed to fulfill due process requirements, plaintiff would be entitled to return of the vehicles. In both the replevin and Section 1983 actions, the "lawfulness" of defendants' conduct must be adjudicated to determine whether plaintiff was unlawfully deprived of his property interests.

### 2. Transaction Theory

The same result occurs under the transactional test for claim preclusion. Both plaintiff's civil rights claim and replevin action emanate from the same event: defendants' confiscation and retention of plaintiff's vehicles. Under the transaction approach, plaintiff would be required to join both the replevin and Section 1983 theories of recovery together with any other plausible claims for relief based on the defendants' seizure of plaintiff's property.

This Court reached the same conclusion under similar facts in *Frier v. City of Vandalia, Ill.*, 770 F.2d 699 (7th Cir.1985). In *Frier*, the City of Vandalia towed four vehicles belonging to plaintiff which were parked in the street such that other cars

were forced to drive on lawns to pass the plaintiff's vehicles. Plaintiff filed suits in state court seeking replevin of each of the vehicles towed. One suit which sought the return of two of the four vehicles was voluntarily dismissed after the two cars were returned to plaintiff. The City of Vandalia prevailed in the remaining two suits concerning the two cars still in custody. One of these cars was, however, returned to the plaintiff following the litigation and the other was retained in custody. Plaintiff filed a complaint in federal court against the City of Vandalia contending that the actions of the Vandalia police in towing his vehicles violated the Due Process Clause of the Fourteenth Amendment and 42 U.S.C. § 1983, seeking compensatory and punitive damages. This Court held that plaintiff's federal action was precluded from adjudication by the prior state court proceedings under both the proof theory and transactional approach to res judicata. Under the proof approach, the Court determined that "the replevin theory contained the elements that make up a due process theory, and we are therefore confident that the courts of Illinois would treat both theories as one 'cause of action.'" *Frier*, 770 F.2d at 703. Both actions also involved the same core of operative facts and the same transaction compelling claim preclusion under the transaction approach as well. "Frier has attacked the 'same conduct'—towing and detaining the cars without a determination of a parking violation—in all of his suits." *Frier*, 770 F.2d at 702.

Judge Swygert disagreed with the majority's res judicata analysis in *Frier*, contending that the majority had erroneously applied the transaction theory which he maintained had not been adopted by the Illinois courts. Examining plaintiff's state and federal suits under the evidence approach, he reasoned that each suit focused on different categories of proof: the federal action examined the adequacy of the seizure procedures themselves while the replevin action focused on the legality of plaintiff's parking to determine which of the parties had superior possessory rights to the vehicles.

Although Judge Swygert's dissent recognizes a valid distinction between plaintiff's two claims, we agree with the majority in *Frier* that for purposes of claim preclusion the replevin and civil rights actions are only two theories of one cause of action rather than two causes of action. Both recovery theories examine the legality of defendants' conduct. If plaintiff parked in contravention of local law, if the seizure statute for illegally parked cars is not constitutionally infirm and if defendants complied with the statutory procedure, their actions in seizing and retaining the vehicles were lawful, so that plaintiff was not entitled to either return of the cars under the replevin statute or injunctive, compensatory or punitive damages for violation of due process. Both inquiries there are merely different theories for finding defendants' conduct unlawful. This conclusion does not depend upon application of the transaction approach. "[A] party may not maintain two suits based on the same set of facts by the simple expediency of limiting theories of recovery advanced in the first." *Hagee v. City of Evanston*, 729 F.2d at 514, applying Illinois law.

Prior to determining that the federal suit was barred by the prior state proceeding, the district court concluded that defendants were entitled to qualified immunity for their conduct. However, because res judicata barred the district court from relitigating this cause of action, it was erroneous to reach the merits of plaintiff's claim by deciding the issue of qualified immunity. *Gasbarra v. Park–Ohio Industries*, 655 F.2d 119, 123 (7th Cir.1981).

## B. DISQUALIFICATION OF DISTRICT JUDGE

On appeal plaintiffs contend that Judge Zagel committed error in failing to disqualify himself from this case on the basis of his involvement in *Lampher v. Zagel*, 755 F.2d 99 (7th Cir.1985). Although not specifically requested, presumably plaintiff would contend such error requires vacation of the judgment below.

Congress amended the Judicial Code in 1974 to clarify and broaden the grounds for

judicial disqualification. The amendment provided in part:

> Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455(a). This amendment modified the formerly subjective standard, which required disqualification only if in the judge's opinion it would be improper to preside over the case, and established an objective standard of reasonableness. "[A]dvancement of the purpose of the provision—to promote public confidence in the integrity of the judicial process— ... does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew." *Liljeberg v. Health Services Acquisition Corp.*, — U.S. —, 108 S.Ct. 2194, 2202, 100 L.Ed.2d 855 (1988).

Both plaintiff and defendants have failed to address the procedural hurdle which prevents this Court from reviewing Judge Zagel's failure to recuse himself from the case. Section 455(a) of the Judicial Code is aimed at avoiding the appearance of judicial partiality and resulting general distrust by the public of the judicial system. Once a judge whose impartiality toward a particular case may reasonably be questioned presides over that case, the damage to the integrity of the system is done. Accordingly, when a judge denies a motion to disqualify himself under Section 455(a), denial of that motion may be reviewed only through immediate petition to this Court for a writ of mandamus. *Union Carbide Corp. v. U.S. Cutting Service, Inc.*, 782 F.2d 710, 713 (7th Cir.1986); *U.S. v. Balistrieri*, 779 F.2d 1191, 1205 (7th Cir.1985), certiorari denied, 475 U.S. 1095, 106 S.Ct. 1490, 89 L.Ed.2d 892 (1986). Since plaintiff did not timely file a petition for immediate review of Judge Zagel's order, this Court cannot review his disposition of the Section 455(a) motion.

### III.

For the foregoing reasons, Judge Zagel's decision dismissing the case as precluded under the doctrine of res judicata is affirmed.