908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
MR. FOUR HUNDRED, Plaintiff-Appellant,
v.
D.J. HOWE, James A. Chrans, Mary Ann Quoz, Kenneth McGinnis,
Joseph Galassi and Allen Saddoris, Defendants-Appellees.
 Nos. 88-1718, 88-1720 and 88-1721.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 28, 1990.*
Decided July 23, 1990.
 
 Before POSNER, MANION, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Pro se appellant Mr. Four Hundred appeals from the district court's denial of his three actions brought under 42 U.S.C. Sec. 1983 claiming a constitutional violation by the failure of prison officials at Pontiac and Galesburg Correctional Centers to recognize his name change on all official documents. We consolidated the three appeals, and now affirm the three decisions.
 
 
 2
 Appellant changed his name from John Perry Smith to Mr. Four Hundred in Illinois state court. He then brought a petition in the Illinois trial court for a writ of mandamus directing various prison officials to use his new name on all official documents. The trial court granted the writ in part, but on appeal, the Illinois Appellate Court reversed the portion of the circuit court order which had granted mandamus relief. The Appellate Court held that changing the records would be unduly burdensome and create confusion, and the state had an interest in maintaining accurate records. The court stated that it found "no argument pertaining to a constitutional right that would enhance petitioner's demand that all records reflect his new name."
 
 
 3
 Appellant then filed three Sec. 1983 actions in federal court, arguing that defendant prison officials violated his due process and establishment clause rights by failing to recognize his new name on their records. The district court issued three minute orders, all of which dismissed Mr. Four Hundred's actions on the basis of res judicata.
 
 
 4
 We agree with the district court that appellant's claims are barred by res judicata. The doctrine of res judicata is clearly applicable to Sec. 1983 actions. Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 84-84 (1984); Durhan v. Neopolitan, 875 F.2d 91, 94 (7th Cir.1989). We must determine whether an Illinois court would bar the current action because of the prior decision of the Illinois Appellate Court. 28 U.S.C. Sec. 1738; Migra, 465 U.S. at 81; Durhan, 875 F.2d at 94.
 
 
 5
 The doctrine of res judicata provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent litigation between the same parties or their privies on matters found to be part of the same cause of action before the same or a different tribunal. The elements of res judicata are identity of parties, subject matter, and cause of action. Res judicata will bar relitigation of any issue or claim that was raised or could have been raised in the previous case.
 
 
 6
 In re Marriage of Firestone, 158 Ill.App.3d 887, 511 N.E.2d 895, 897 (2nd Dist.1987). Thus, we must determine whether the Illinois Appellate Court decision was (1) a final judgment on the merits, (2) involved a cause of action with an identity to the present cause of action, and (3) had identical defendants or ones in privity with the current defendants. People v. DeJesus, 127 Ill.2d 486, 537 N.E.2d 800, 803 (1989).
 
 
 7
 There is no dispute that the Illinois Appellate Court decision was a final judgment. Appellant does claim he was not given a fair opportunity to litigate in the Illinois Appellate Court because he was not informed of the action or represented by counsel. See Lee v. City of Peoria, 685 F.2d 196, 201 (7th Cir.1982) (a party who "has not had a full and fair opportunity to litigate his claims" cannot be barred by res judicata ). However, defendants presented evidence to the district court that their notice of appeal was served upon Mr. Four Hundred and the Assistant Public Defender who represented him in the Illinois circuit court. Moreover, Mr. Four Hundred did not raise federal constitutional violation allegations to the Illinois trial court, a proceeding in which he was clearly involved and represented by counsel, and therefore he could not have presented these claims on appeal anyway.
 
 
 8
 As for the identity of the causes of action, appellant specifically brought his claim concerning the prison officials' failure to recognize his name change to the state court, and the state appellate court rejected that claim. Appellant did not, however, present his federal constitutional allegations to the state court. Since he could have brought these to the state court, he will be barred from raising them now if there is an identity between the present and previous claims. It is unclear whether Illinois courts prefer the proof theory or the transaction theory for determining whether the same cause of action was involved in two suits. Durhan, 875 F.2d at 94; but see Mortell v. Mortell Co., 887 F.2d 1322, 1325 (7th Cir.1989) (stating that the dominant line of Illinois cases uses a nucleus of operative facts [transaction] approach). However, under either theory, appellant's claim is barred. Under the proof or evidence theory, res judicata is applicable where the same evidence would support both theories. Durhan, 875 F.2d at 94. Mr. Four Hundred was required to present the same evidence in his state court petition for a writ of mandamus against the prison officials that he would have had to present to establish that the prison officials had violated his constitutional rights: that the prison officials' refusal to change the documents was unreasonable and that there would be no undue burden on the prison in retroactively recognizing his name change. Alternatively, Mr. Four Hundred's constitutional claims are clearly barred under the transactional theory, as both this action and his state court petition "were generated by the same transaction, incident or core of operative facts," Durhan, 875 F.2d at 94, namely, the prison officials' refusal to change appellant's name on all previously generated documents.
 
 
 9
 Finally, the identity of the parties between the two actions is sufficient to invoke res judicata. Only two of the current defendants, Chrans and Quoz, were defendants in the state court action. However, the additional three defendants in this action are all prison officials in privity with Chrans and Quoz, and therefore Mr. Four Hundred cannot now raise identical claims against them.
 
 
 10
 The district court's dismissals of appellant's Sec. 1983 actions are AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record