See also 133 B.R. 934, 133 B.R. 929.

In re CUTTY'S–GURNEE, INC., Debtor.

**GREAT AMERICAN INSURANCE CO., Plaintiff,**

v.

**Kenneth J. BAILEY, Cristel Bailey, et al., Defendants.**

**Bankruptcy Nos. 88 B 14750, 89 A 1100.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 8, 1991.

970

Reuben A. Bernick, Rudnick & Wolfe, Chicago, Ill., for plaintiff.

Lawrence C. Jaynes Assoc., Hoffman Estates, Ill., for defendants.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before the Court on the Trustee's Cross–Claim to avoid the statutory lien of co-defendant F.D. Masonry, Inc. The co-defendant F.D. Masonry filed an Answer and affirmative defenses to the cross-claim and subsequently presented a motion for judgment on the pleadings before the Court. The motion for judgment on the pleadings asserts that (1) the Trustee's cross-claim for avoidance is barred by the doctrine of *res judicata* and (2) the Trustee's cross-claim is barred because it was not timely filed as a compulsory counterclaim. This matter was taken under advisement by the Court on July 1, 1991.

This is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(K) and 28 U.S.C. § 1334. The Court, having reviewed the submissions of the parties and the applicable law, hereby finds that neither the doctrine of *res judicata* nor the mandatory counterclaims provision of F.R.C.P. 13 and B.R. 7013 operate to bar the Trustee's cross-claim seeking avoidance of F.D. Masonry's unperfected statutory lien pursuant to § 545(2) of the Bankruptcy Code. The following shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

FACTS:

The debtor, Cutty's–Gurnee, Inc., filed its Chapter 11 petition in bankruptcy on September 23, 1988. Emmanuel Katten was appointed as Chapter 11 trustee on June 27, 1989. The bankruptcy case was subsequently converted to a Chapter 7 proceeding on August 3, 1989, and Emmanuel Katten was then appointed as the Chapter 7 trustee in this matter.

On December 17, 1989, Great American Insurance Company (herein after Great

American), a secured creditor in the bankruptcy proceeding, filed an adversary complaint naming multiple defendants which sought to determine the validity, priority and extent of the liens asserted by the various defendants against the Spruce Lake Resort property. The Trustee was named as a party-defendant in the adversary complaint. F.D. Masonry, Inc., although not named as a party defendant in the complaint, thereafter obtained leave from the Court to intervene and was added as a party-defendant on March 7, 1990. The Trustee was notified of the intervention and addition of F.D. Masonry as a co-defendant in the adversary proceeding. Great American later amended its adversary complaint, naming the same defendants, including F.D. Masonry. Pursuant to these complaints and with the knowledge of the Trustee, various agreed orders and judgment orders were entered by this Court recognizing or invalidating the liens of certain defendants.

Great American and F.D. Masonry agreed in lieu of an evidentiary hearing to submit the Great American complaint against F.D. Masonry for ruling on the basis of a joint stipulation of facts. Pursuant to that stipulation, this Court found that F.D. Masonry held a valid and enforceable statutory lien securing its claim but that such lien was unperfected and was therefore junior to all other properly perfected secured claims against the Spruce Lake property. A judgment order to this effect was entered on March 14, 1991. In its memorandum opinion accompanying the judgment order, the Court set forth the basis for its ruling. Rejecting Great American's arguments, this Court held that a secured creditor cannot assert the trustee's avoidance powers under § 545(2) to avoid an unperfected statutory lien. "The Bankruptcy Code does not give avoidance powers to creditor nor have the Courts generally allowed creditors to invoke such power. Case law supports the conclusion that is only the trustee or the debtor-in-possession who may exercise this power." Judgment Order p. 6 dated 3/14/91. Since the Trustee had not filed an avoidance action, the Court did not rule on the merits of the

avoidability of the F.D. Masonry lien and held only that the unperfected lien secured a claim with last priority.

The Trustee thereafter filed his cross-claim seeking to avoid the statutory mechanics lien of F.D. Masonry pursuant to the avoidance powers in § 545(2). F.D. Masonry has raised two affirmative defenses to the cross claim and moved for judgment on the pleadings on the following grounds: 1) the Trustee's cross-claim is barred by the doctrine of res judicata and 2) the cross-claim is barred because it was not timely filed as a compulsory counterclaim.

DISCUSSION:

F.D. Masonry argues that (1) the Trustee's avoidance action against it constitutes a compulsory counterclaim, arising out of the same transaction or subject matter as the Great American complaint, which was not timely filed and cannot now be brought as a cross-claim and (2) since the compulsory counterclaim was not asserted in the Great American litigation the Court's prior judgment order is *res judicata* as to the issue of avoidance by the Trustee. The Court rejects this position. The avoidance action of the Trustee against co-defendant F.D. Masonry constitutes a cross-claim governed by Fed.R.Civ.Pro. 13(g) and Bankr.R. 7013, and the Trustee's decision not to pursue the cross-claim in connection with the Great American adversary proceeding in which it was a co-defendant does not provide a basis for invoking the doctrine of *res judicata.*

A. The Trustee's Avoidance Action Against Co-defendant F.D. Masonry Constitutes a Permissive Cross-claim Pursuant to F.R.C.P. 13(g) and B.R. 7013.

■ Federal Rule of Civil Procedure 13 governs counterclaims and cross-claims and Bankruptcy Rule 7013 makes such rules applicable to adversary proceedings with one modification. Rule 13(a), entitled "Compulsory Counterclaims," provides that a party shall include in its pleadings any claim which exists against any opposing party at the time the pleading is served if it arises out of the transaction or occurrence

which is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties outside the jurisdiction of the court. Such counterclaims are compulsory and must be timely filed or the counterclaim will be barred. In contrast, a counterclaim not arising out of the same transaction or occurrence is a permissive counterclaim governed by Rule 13(b) which may be filed against an opposing party, in the responsive pleadings, but it is not mandatory to do so. Although the treatment of compulsory and permissive counterclaims is markedly different, both provisions involve counterclaims against an opposing party.

Claims against a co-party rather than an opposing party constitute cross-claims governed by Rule 13(g). Rule 13(g) states

A pleading may state as a cross-claim any claim by one party against a co-party arising out of the same transaction or occurrence that is the subject matter either of the original action or the counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

This provision clearly establishes that claims against co-parties may be filed as a cross-claim but that such filing is not compulsory.

Applying F.R.C.P. 13 to these proceedings, it is clear that the Trustee's avoidance action against co-defendant F.D. Masonry constitutes a permissive cross-claim against a co-party which relates to the property that was the subject of the original action. It is not a claim against an opposing party since the Trustee and F.D. Masonry are named as co-defendants in the Great American adversary complaint. The avoidance action therefore falls within the scope of Rule (g) and is a *permissive* cross-claim, not a compulsory counterclaim under subsection (a). The Trustee was under no obligation to assert his avoidance powers in responding to the Great American com-

plaint and the decision not to seek avoidance earlier cannot bar the Trustee's claim at this time. "[A] party to an action having a claim in the nature of a cross-claim has an option to pursue it in an independent action." *Augustin v. Mughal*, 521 F.2d 1215, 1216 (8th Cir.1975).

■ Furthermore, even assuming that the avoidance action constitutes a compulsory counterclaim, Bankruptcy Rule 7013 provides that the Court may in its discretion, allow the late filing of such a counterclaim. Rule 7013 states "A trustee or debtor-in-possession who fails to plead a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, may by leave of court amend the pleading, or commence a new adversary proceeding or separate action." The Court finds that, for whatever reason the Trustee chose to delay the assertion of his avoidance action, justice requires that it be allowed at this point to protect the interests of unsecured creditors and the bankruptcy estate. The Trustee was given leave by the Court to file the cross-claim in this Court's Order of April 25, 1991 and the avoidance action is therefore not barred by the late filing.

2. The Court's Ruling That a Secured Creditor Lacks Standing to Assert the Trustee's Avoidance Powers Does Not Adjudicate the Merits of the Trustee's Action to Avoid An Unperfected Statutory Lien and is Therefore Not *Res Judicata* on This Issue.

■ F.D. Masonry argues that Great American acted as the agent of the Trustee in prosecuting its adversary complaint, creating privity of the parties, and that the avoidance claim of the Trustee, which could have been asserted but was not, is therefore barred by the doctrine of *res judicata*. This argument ignores the Court's prior ruling that a secured creditor cannot assert the avoidance powers of the trustee. Because the Court found that Great American lacked standing to raise the issue it did not reach the merits of the avoidance action and the issue was not litigated. Further-

more, since the Trustee's avoidance action constitutes a permissive cross-claim, the Trustee is not barred by principles of res judicata, waiver or estoppel from asserting it now.

Contrary to F.D. Masonry's argument, a creditor may not act as the Trustee's agent for avoidance purposes since creditors lack standing to assert the avoidance powers of the Bankruptcy Code. The avoidance action could not have been litigated by Great American, and although it could have been presented as a permissive cross-claim, the Trustee is not now barred from raising the issue due to Great American's prior complaint seeking a determination of the validity of the F.D. Masonry lien. Great American was not acting as the Trustee's agent in litigating that complaint since it legally could not exercise the Trustee's avoidance powers in that proceeding.

■ The doctrine of *res judicata* operates to ensure judicial economy and finality in resolving disputes by barring the parties to a judgment and their privies from relitigating the identical cause of action. *Durban v. Neopolitan,* 875 F.2d 91, 93–94 (7th Cir.1989). Under *res judicata,* a final judgment on the merits bars further claims by parties or their privies based on the same cause of action and prevents litigation of all grounds for recovery or defenses thereto which were previously available to the parties even if not actually raised in the prior proceeding. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The preclusive effect of *res judicata* applies where there has been (1) a final judgment on the merits in a prior action, (2) an identity of the cause of action in the prior and subsequent suits, and (3) an identity of parties or privies in these suits. *Shaver v. F.W. Woolworth,* 840 F.2d 1361 (7th Cir.1988).

Applying these principles here, the Court finds that there is no such identity since Great American lacked standing to litigate the Trustee's avoidance claim as his agent and this Court expressly held in the prior proceeding that it could not decide the avoidance issue on the merits absent some action by the Trustee. This Court did not and could not reach this issue in the prior proceeding. Res judicata therefore is not applicable to bar the issue now.

■ F.D. Masonry argues that the Trustee, however, could have asserted his avoidance powers in the Great American litigation and the issue is therefore precluded by *res judicata* principles. This argument again mistakenly characterizes the Trustee's avoidance action as a compulsory counterclaim which must be asserted or be barred thereafter. A party who elects not to bring a permissive cross-claim under Rule 13(g) will not be barred by *res judicata,* waiver, or estoppel from asserting in a later action. 6 C. Wright & A. Miller *Federal Practice & Proc.* § 1431 at 236; 3 *Moore's Federal Practice,* ¶ 13–34[1] at 13–203 (citing numerous decisions supporting this rule).

The Court finds that the merits of the Trustee's avoidance action were not previously litigated, Great American could not act as the Trustee's agent exercising his avoidance powers in the prior litigation, and the Trustee was under no obligation to assert the cross-claim in the prior litigation. The judgment in the prior litigation, therefore, in no way bars the assertion of avoidance powers by the Trustee at this time. The Motion of the Co–Defendant, F.D. Masonry, for judgment on the pleadings is hereby denied.