Ruthene **WHITAKER**, on her own behalf and on behalf of all others similarly situated, Plaintiff–Appellant,

v.

**AMERITECH CORPORATION**,[1] Defendant–Appellee.

No. 96–2550.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 3, 1996.

Decided Nov. 20, 1997.

Rehearing Denied Jan. 9, 1998.

---

1. Ameritech Illinois noted in its motion to dismiss that it has been incorrectly sued under the name "Ameritech Corporation."

Nicholas P. Iavarone (argued), Joel J. Bellows, Laurel G. Bellows, Adam K. Hollander, Bellows & Bellows, Chicago, IL, for Plaintiff–Appellant.

Deborah A. Golden (argued), Ameritech Corporation, Chicago, IL, for Defendant–Appellee.

Before ESCHBACH, FLAUM, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

Ameritech Corporation ("Ameritech") provided telephone service to Ruthene Whitaker on two separate lines. After Ameritech obtained a default judgment against Whitaker for failing to pay her bills, Whitaker sued Ameritech in the United States District Court for the Northern District of Illinois, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the Illinois Consumer Fraud and Deceptive Trade Practices Act ("Illinois Act"). She also asserted causes of action for common law fraud and breach of fiduciary duty. The district court dismissed her amended complaint as barred by res judicata for the telephone line that was the subject of the default judgment, and for lack of standing to sue Ameritech for violations regarding her second telephone line.

We agree that res judicata bars Whitaker's action for violations of RICO, the Illinois Act, and the common law causes of action; therefore we affirm the district court's ruling on those points. We also agree that Whitaker lacks standing to pursue her claims as to her second telephone line; therefore, we also affirm the district court on that point. We disagree with the district court's decision that res judicata bars Whitaker's claim under the FDCPA; however, we affirm the outcome reached by the district court because the FDCPA does not apply to Ameritech.

## I. HISTORY

The facts taken in the light most favorable to Whitaker are as follows. Ameritech is a local telephone service provider. Ameritech also contracts with other telephone service companies, such as long distance service providers and "information providers." Information providers offer such services as adult entertainment and trivia games. Ameritech purchases the accounts receivable of these other telephone service companies with recourse, bills the customer for all the services, and collects payments. As a result, Ameritech customers receive one monthly bill that includes charges for their local service as well as for any long distance or other telephone services they have used.

If an Ameritech customer fails to pay the full amount past due on a telephone bill, and if the amount exceeds a certain sum, Ameritech sends the customer a disconnect notice demanding that the entire amount past due be paid to avoid disconnection.

Ameritech provided local telephone service to Whitaker on two telephone lines. We will refer to her first telephone line, the subject of the default judgment, as "0508." In December 1993, Whitaker incurred charges for three calls to an information provider. In February and March 1994, Ameritech sent disconnect notices to Whitaker with a demand for payment of all charges, including the charges from the information provider. Ameritech temporarily disconnected Whitaker's telephone service in April 1994. In

May 1994, after service was restored, one of Whitaker's minor sons made additional calls to information providers. Total charges for these calls were in the hundreds of dollars. Whitaker disputed these charges, to no avail. In June 1994, Ameritech sent Whitaker a disconnect notice which included charges for the May 1994 information provider calls as well as the December 1993 information provider calls. In July 1994 Whitaker made a partial payment, but in August 1994 Ameritech permanently disconnected her telephone service.

Whitaker had another Ameritech telephone line, the "0499" line, for her college-aged daughter. Ameritech temporarily disconnected 0499 for nonpayment in October 1994. Whitaker paid the full amount due, and Ameritech restored service. The cycle repeated itself. Some small charges for calls to information providers appeared on Whitaker's bills and eventually on her disconnect notice. As far as the record shows, Ameritech has not permanently disconnected or taken legal action on the 0499 line.

Ameritech sued Whitaker in Illinois Circuit Court for the balance due on 0508. Whitaker appeared *pro se* but took no further action in the case, and Ameritech obtained a default judgment against her and began garnishing her wages. Whitaker did not appeal.

Whitaker then sued Ameritech in the United States District Court for the Northern District of Illinois. She asserted claims under FDCPA, RICO, the Illinois Consumer Fraud and Deceptive Trade Practices Act, common law fraud, and common law breach of fiduciary duty. Her position in the court below and on this appeal is that under 47 U.S.C. § 228(4),[2] Ameritech cannot disconnect local service for failure to pay charges owed to information providers. Thus, she argues, Ameritech's bills and disconnect notices are intentionally misleading because customers are not aware that they need only pay the charges for local service in order to avoid disconnection of all telephone service. Whitaker also alleges that Ameritech defrauds its customers by printing the logos or trademarks of long distance companies and information providers directly on the Ameritech bill, thus allegedly misleading customers about the nature or quality of the services they are receiving. Whitaker argues that had she known she could maintain her local service by paying only the amount owed for local charges, she would have done so and avoided disconnection of 0508. She also alleges that she would have used her money to maintain service on 0499, rather than attempting to pay her entire bill for 0508.

The district court held that all of her claims regarding the 0508 line are barred by res judicata arising out of the default judgment in Illinois Circuit Court. The district court further held that Whitaker lacks standing to pursue her claims regarding the 0499 line because she has not met the constitutional requirement of injury-in-fact. The district court dismissed Whitaker's entire amended complaint with prejudice.

## II. Analysis

■ We review the dismissal of Whitaker's amended complaint *de novo*. *Northern Trust Co. v. Peters,* 69 F.3d 123, 129 (7th Cir.1995). The dismissal is proper only if it is clear that the nonmoving party can prove no set of facts consistent with her complaint which entitles her to relief. *Id.; see also Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). We accept as true all well-pleaded facts in the complaint, and we draw all reasonable inferences in favor of the nonmoving party. However, we are not obliged to accept as true conclusory statements of law or unsupported conclusions of fact. *Northern Trust,* 69 F.3d at 129.

### A. Res Judicata

■ Since an Illinois state court rendered the initial default judgment, this Court must apply Illinois preclusion law to determine whether res judicata bars Whitaker's claims. 28 U.S.C. § 1738; *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S.

---

**2.** "A common carrier shall not disconnect or interrupt a subscriber's local exchange telephone service or long distance telephone service because of nonpayment of charges for any pay-per-call service."

373, 381, 105 S.Ct. 1327, 1332, 84 L.Ed.2d 274 (1985).

In Illinois, res judicata extends to all questions actually decided in a previous action as well as to all grounds of recovery and defenses which might have been presented in the prior litigation. *LaSalle Nat'l Bank v. County Bd. of Sch. Trustees*, 61 Ill.2d 524, 337 N.E.2d 19, 22 (1975), *cert. denied*, 425 U.S. 936, 96 S.Ct. 1668, 48 L.Ed.2d 177 (1976). Res judicata bars a subsequent action if three requirements are met: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." *Downing v. Chicago Transit Auth.*, 162 Ill.2d 70, 204 Ill.Dec. 755, 757, 642 N.E.2d 456, 458 (1994). The parties do not dispute that the first and third elements are satisfied. This case centers on identity of cause of action; that is, whether Ameritech's default judgment is the same cause of action as Whitaker's later statutory claims.

Illinois applies two quite different approaches for determining identity of cause of action. The first is the "proof" or "evidence" approach, which asks whether the same evidence will support both claims. *See Torcasso v. Standard Outdoor Sales, Inc.*, 157 Ill.2d 484, 193 Ill.Dec. 192, 195, 626 N.E.2d 225, 228 (1993); *Rodgers v. St. Mary's Hosp.*, 149 Ill.2d 302, 173 Ill.Dec. 642, 647, 597 N.E.2d 616, 621 (1992). If the same evidence would support the later claim, it is barred by the resolution of the earlier one. *Torcasso*, 193 Ill.Dec. at 195, 626 N.E.2d at 228. The second approach to res judicata that the Illinois courts use is the broader "transactional" approach, "which considers whether both suits arise from the same transaction, incident, or factual situation. The transactional approach provides that 'the assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief.'" *Rodgers*, 173 Ill.Dec. at 647, 597 N.E.2d at 621.

The Seventh Circuit has been asked on several previous occasions to apply the Illinois law of res judicata. Each time this Court has held that Illinois allows either approach to be used. *See, e.g., Mortell v. Mortell Co.*, 887 F.2d 1322, 1325 (7th Cir. 1989); *Durhan v. Neopolitan*, 875 F.2d 91, 95–96 (7th Cir.1989); *Frier v. City of Vandalia*, 770 F.2d 699, 702 (7th Cir.1985). There has been no substantial change to the law of res judicata in Illinois since we decided these cases. With Illinois law in mind, we address Whitaker's claims in light of the default judgment against her.

## 1. RICO

We turn first to Whitaker's claim that Ameritech has violated RICO by sending out telephone bills that fail to disclose that customers could refuse to pay charges to information providers without risking disconnection of their local service, by using misleading trade names and logos, and by failing to disclose the true amount required to pay to avoid disconnection. She alleges that Ameritech, by sending out these fraudulent telephone bills, participated in a fraudulent scheme to profit through the use of the mails in violation of 18 U.S.C. § 1341. The district court held that res judicata bars Whitaker's RICO claims. We agree.

The district court relied on *Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir.1986) for the proposition that the Illinois courts would indeed bar a subsequent RICO suit after litigation on the underlying debt. In *Henry*, the Henrys defaulted on their mortgage. The bank sued them in state court for foreclosure. *Id.* at 1230. The bank was successful, and the property was sold. *Id.* at 1231. The Henrys appealed the foreclosure and the deficiency judgment on many grounds, without success. They turned then to federal court, alleging that the bank and others had violated RICO through "a purported scheme of racketeering activity to defraud the Henrys through use of the mails and interstate wires." *Id.* The Seventh Circuit, applying Illinois law, held that the RICO claims were barred because the Henrys failed to raise the defense of fraud in the foreclosure proceeding in state court. *Id.* at 1232. Allowing the Henrys to proceed would "undermine the judgments of foreclosure entered against the Henrys by the Illinois cir-

cuit court." *Id.* at 1235. That is, a successful RICO claim based on fraud would have the effect of contradicting the state court judgment that the foreclosure was final and valid.

■ *Henry* controls this case. Whitaker grounds her RICO claim on allegations of fraudulent behavior by Ameritech, yet she failed to raise the defense of fraud in the state court proceedings. The fact that Whitaker failed to defend her case does not alter this analysis because a default judgment in Illinois is a judgment on the merits and has the same preclusive effect as a judgment resulting from arduous litigation. *Housing Auth. for La Salle County v. Young Men's Christian Ass'n,* 101 Ill.2d 246, 78 Ill.Dec. 125, 129, 461 N.E.2d 959, 963 (1984).

Whitaker attempts to distinguish *Henry* by pointing out that she does not dispute the amount she owes Ameritech. Rather, she asserts, she merely disputes the manner in which Ameritech presented its monthly bills and disconnection notices without revealing that she only needed to pay a lesser amount in order to avoid disconnection. The distinction does not persuade us. Allegations of fraud go to the heart of what was decided in the state court—that Whitaker legitimately owes Ameritech a sum of money.

Indeed, even without relying on *Henry*, the district court correctly dismissed the RICO counts in ·Whitaker's amended complaint. Under the transactional approach to res judicata Whitaker loses. Fraudulent and misleading telephone bills lurk in the "same transaction, incident, or factual situation," *Rodgers*, 173 Ill.Dec. at 647, 597 N.E.2d at 621, as the amount owed as a result of making the telephone calls reflected in those bills. See also *Durhan*, 875 F.2d at 92–93, 96 (State court replevin suit to recover towed vehicles barred a later § 1983 action by the same plaintiff concerning the manner in which the vehicles were confiscated.). Illinois courts would bar Whitaker's RICO claims, and we are bound to do likewise.

#### 2. The Illinois Consumer Fraud and Deceptive Business Practices Act and Common Law Fraud

■ Whitaker alleges in her amended complaint that Ameritech violated the Illinois Act by using deceit, fraud, false pretenses, misrepresentations and concealment or omission of material facts with the goal of convincing Whitaker that the charges on her bill were legitimate. Whitaker alleges similar facts in a separate count for common law fraud.

The analysis of Whitaker's RICO claims transfers neatly to her Illinois Act and common law fraud claims. Stripped to the essentials, Whitaker claims that Ameritech engaged in fraud in order to take her money. The Illinois court settled this issue with its default judgment. Whitaker should have raised her fraud-based claims as a defense to Ameritech's state court action. We agree with the district court that her Illinois Act and common law fraud claims are barred by res judicata.

#### 3. Breach of Fiduciary Duty

■ Whitaker alleges broadly that Ameritech breached its fiduciary duty to her by placing the interests of long distance providers and information service providers before customers' interests and improperly profiting at the customers' expense. Without addressing whether Ameritech is Whitaker's fiduciary, we apply the same Illinois res judicata analysis to this claim as we did to her RICO, Illinois Act, and common law fraud claims. Again, Whitaker is alleging that Ameritech is not entitled to the amount it charged her. Certainly a claim for breach of fiduciary duty as broad as this one arises out of the same "same transaction, incident, or factual situation," *Rodgers*, 173 Ill.Dec. at 647, 597 N.E.2d at 621, as the receipt of and payment due for telephone services. Breach of fiduciary duty should have been raised as a defense in the state court proceeding. We agree with the district court that the Illinois law of res judicata bars this claim.

#### 4. FDCPA

■ The heart of this appeal is Whitaker's FDCPA claim. Whitaker alleges that Ameritech has violated the FDCPA through various billing and collection activities. Since res judicata, if applicable, would dispose of

this claim with no need to address the merits of the FDCPA, we turn first to Ameritech's use of that defense. Because it fails, we then address the substance of Whitaker's FDCPA claim.

Under neither approach to res judicata in Illinois is this claim barred. The evidence approach asks whether the same evidence would support both claims. In this case, that approach asks whether the evidence used to support Ameritech's claim for money owed would also support Whitaker's claim of abusive debt collection practices. It would not. Evidence pointing to money owed would include monthly calling statements, Ameritech's computer records, or other evidence of the calls made. Evidence showing abusive debt collection practices would be records of Ameritech's telephone calls or other communication or correspondence with Whitaker, her family, and employer. Since different evidence would be required, the Illinois courts would allow Whitaker's claim under the evidence approach to res judicata.

The Illinois courts, we believe, would also allow her claim to proceed under the transactional approach. The transactional approach asks whether both claims arise out of the same factual situation. While it is true, as Ameritech asserts, that Whitaker's claims do arise out of her telephone service in the most general sense, the essence of her claim is that Ameritech has injured her in the collection process. Debt attachment and debt collection are matters separated by time and purpose. Whitaker incurred a debt to Ameritech every time she picked up the telephone to make a long distance or information provider call. Ameritech's collection procedures, however, never affected Whitaker until she failed to pay her bill. To lump debt attachment and debt collection together as the same cause of action under the res judicata analysis is to give res judicata broader sweep than we believe the Illinois courts are willing to give it.

This decision comports with the policy considerations that underlie res judicata. "[T]he doctrine of res judicata serves the interests of judicial economy and finality in disposition of disputes by precluding parties to a judgment and their privies from relitigating the same 'cause of action.' " *Durham*, 875 F.2d at 93–94 (footnote omitted). While Ameritech should reasonably expect to rely on the default judgment, Ameritech should also expect that its obligation to comport with other law in its debt collection practices is not extinguished when a court determines that a debt is valid. For the legal and policy reasons stated, we hold that Whitaker's FDCPA claim is not barred by res judicata because of the default judgment against her, and we turn, for a moment, to the substance of her FDCPA claim.

### B. FDCPA and the Definition of "Debt Collector"

Whitaker's FDCPA claim cannot survive because the FDCPA does not apply to Ameritech. The FDCPA circumscribes the activities of "debt collectors," prohibiting activities such as late night phone calls, 15 U.S.C. § 1692c(a)(1), or false representations about the legal status of a debt, 15 U.S.C. § 1692e(2)(A). Whitaker necessarily asserts that Ameritech is a "debt collector," and is thus governed in its collection activities by the FDCPA. Under any reading of the statute, however, Ameritech is not a "debt collector" as that term is defined.

The FDCPA defines "debt collector" as:

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.... The term does not include ... any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (iii) *concerns a debt which was not in default at the time it was obtained by such person....*

15 U.S.C. § 1692a(6)(F) (emphasis added); *see also Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 107 (6th Cir.1996) (holding that assignee of retail installment contract was not a "debt collector" because the contract was not in default at the time of assignment). By the terms of the statute, Ameritech is not a debt collector. While

Ameritech does collect money owed to long distance companies and information providers, it does not acquire those debts after they are in default. It acquires those debts, according to contracts with the long distance and information providers, at the moment each telephone call is placed. *Whitaker v. Ameritech,* 95 C 2949, 1996 WL 341543, slip op. at 1–2 (N.D.Ill. June 19, 1996). Indeed, Ameritech acquires the debts even before the consumer receives a bill. If the customer does default on the debt, the default occurs after Ameritech acquires the debt, not before. The statute specifically does not apply to entities who acquire a debt "not in default at the time it was obtained." 15 U.S.C. § 1692a(6)(F)(iii). We hold that Ameritech is not a "debt collector" under the FDCPA and therefore affirm the district court's decision to dismiss Whitaker's FDCPA claims.

### C. Standing and the 0499 Line

██ Because no litigation has transpired concerning Whitaker's 0499 line, there is no issue of res judicata. And as we have already held that Ameritech is not covered by the FDCPA, we do not consider Whitaker's arguments based on it. The district court dismissed Whitaker's amended complaint as to the 0499 line for lack of standing. Specifically, the district court held that Whitaker "has no actual injury-in-fact." *Whitaker v. Ameritech,* 95 C 2949, 1996 WL 341543, slip op. at 25 (N.D.Ill. June 19, 1996). We agree.

██ Standing is not a rule of pleading; it is a constitutional requirement. U.S. Const. Art. III, § 2. The Supreme Court has explained the law of standing:

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of— the injury has to be fairly traceable to the

challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992) (citations and quotation marks omitted). Whitaker lacks standing because she fails the first requirement; she can allege no injury in fact.

As the district court noted in its reading of the amended complaint, Whitaker alleges that she or someone made two telephone calls to information providers on the 0499 line.[3] She asserts that she paid the charges for calls to information providers as a result of Ameritech's threat to disconnect her telephone service. She does not, however, dispute the validity of these charges. Nor does she allege that she disputed the charges with Ameritech personnel or with the information providers directly. Most importantly, she cannot allege that her telephone service was disconnected for failure to pay those charges. Rather, she makes sweeping allegations that Ameritech's practices violate numerous statutes and common law doctrines.

██ As the Supreme Court has stated, injuries must be "concrete and particularized." *Lujan,* 504 U.S. at 560, 112 S.Ct. at 2136. "Indignation that the law is not being obeyed ... will [not] support a federal lawsuit." *Cronson v. Clark,* 810 F.2d 662, 664 (7th Cir.1987), *cert. denied,* 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 151 (1987). Whitaker wishes us to eradicate Ameritech's allegedly unlawful practices; yet, she alleges no facts to show how these practices have injured her. We cannot address Whitaker's grievance with Ameritech as she has received no injury, and therefore has no standing.

For the reasons given above, we AFFIRM the district court's dismissal of plaintiff's amended complaint.

---

3. There may have been more calls to information providers after the start of this litigation. As far

as we know, the 0499 line is still in operation.